### PENNSYLVANIA STEEL CO. v. JACOBSEN.

(Circuit Court of Appeals, Second Circuit. November 15, 1907.)

No. 30.

1. APPEAL AND ERROR—REVIEW—SUFFICIENCY OF EVIDENCE TO SUSTAIN VERDICT.

In determining whether the evidence in a case warranted a verdict for the plaintiff, an appellate court is not required to weigh the evidence, but only to ascertain the facts most favorable to the plaintiff which the jury were justified in finding from the evidence as the basis of their verdict, and to apply legal principles to such facts to determine whether a verdict thereon could be rendered for the plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3928.]

2. MASTER AND SERVANT—ACTION FOR INJURY TO SERVANT—QUESTIONS FOR JURY.

Defendant was building a bridge, and employed plaintiff's intestate as a laborer to supply water and kindling wood to a boiler on a traveler which ran upon a track on the bridge, and consisted of a platform mounted on trucks and supporting a boiler, engine, and derricks. It became necessary to repair the trucks, and the traveler was blocked up while men employed to make the repairs worked beneath it, and they also cut a hole through the rear end of the platform through which materials were passed. While plaintiff's intestate was working on the ground 60 feet below the

rear end of the platform, cutting kindling, he was killed by a block which fell or was dropped from above. There were other places where deceased might have done his work, but the place selected was convenient, and it did not appear that it was ordinarily dangerous, or that he was warned or knew of the unusual work being done above. There was evidence that a screen or platform was sometimes used under similar circumstances to protect persons below from falling objects. *Held*, that the questions of defendant's negligence, and whether the deceased assumed the risk or was guilty of contributory negligence, were properly submitted to the jury, and that a finding for plaintiff on such issues would not be disturbed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1000–1132.

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

**3.** SAME—DUTY OF MASTER—SAFE PLACE TO WORK.

The duty of an employer to use reasonable care to furnish his employés a safe place in which to work is a continuing one, and, when changes in the servant's situation are brought about by the action of the master, he is bound to take reasonable precautions for the servant's safety.

In Error to the Circuit Court of the United States for the Eastern District of New York.

This cause comes up upon a writ of error to review a judgment entered upon the verdict of a jury in favor of the plaintiff, defendant in error here. In this opinion the parties are designated as in the court below.

Battle & Marshall (Roger B. Wood, of counsel), for plaintiff in error.

G. W. Bristol (Woolsey Carmalt, of counsel), for defendant in error.

Before COXE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge. This action was brought to recover damages for the death of the plaintiff's intestate, Carl J. Jacobsen, alleged to have been caused by the negligence of the defendant, his employer. The plaintiff had a verdict for $5,000 damages and the defendant brought this writ of error. The grounds of error which the defendant now urges are in substance: (1) That the court erred in denying defendant's motion for a direction of the verdict in its favor because the plaintiff (a) had failed to show any negligence on the part of the defendant; (b) had shown that the plaintiff's intestate assumed the risk; and (c) had failed to show freedom from contributory negligence on the part of such intestate. (2) That the theory of liability embodied in the charge to the jury was wrong, and required more than a reasonable degree of care from the defendant.

In determining the question raised by the first claim of error—whether the evidence warranted a verdict for the plaintiff—we are not called upon to weigh testimony. We may simply ascertain the facts most favorable to the plaintiff, which, from the evidence, the jury were justified in finding as the basis of their verdict. When these facts are ascertained, we then apply legal principles to determine whether a verdict thereon could be rendered for the plaintiff. In this case there was evidence from which the jury could have found these facts: (1) On and prior to April 9, 1903, the plaintiff's intestate, Carl J. Jacobsen, was employed by the defendant as a laborer

upon the Williamsburgh Bridge at New York, then in process of construction, by the defendant as contractor. (2) Jacobsen's particular duty was to supply water and kindling wood for the engine upon a traveler or movable crane used in the work of building the bridge. (3) This traveler consisted of two trucks, with wheels, which ran on a temporary railroad track on top of the bridge structure. Upon the trucks was a wooden platform 22 feet wide and 23 feet long, with a tower used to support the derricks, of which there were two. There were also a shanty, a boiler, an engine, and certain material on the platform. When the derricks were in use, the traveler was usually blocked up to take the strain off the wheels. The wooden blocks used for this purpose were generally kept in the shanty. The kindling wood which Jacobsen supplied was hauled up at the rear end of the traveler. The platform of the traveler was about 60 feet from the ground. (4) On the occasion of the accident, Jacobsen had been cutting kindling wood on the ground underneath the traveler. Just before the accident, he moved a few feet, and was under the rear end of the platform of the traveler when struck. Underneath the traveler was the most convenient place for Jacobsen's work. While underneath the front end of the platform where the derricks were used nuts, bolts and other objects often fell. Nothing had fallen at the rear end, except coal when it was being hoisted up. No special danger was to be apprehended from falling objects where Jacobsen was working under conditions as they existed up to a few days before the accident. (5) While Jacobsen was working, as aforesaid, one of the wooden blocks used to block up the traveler fell from the bridge structure, striking and killing him. The falling of the block came about in this manner: The framing of the trucks of the traveler was originally built too light. A short time before the accident trouble developed, and it became necessary to put different trucks under the traveler. A carpenter's gang—not the regular traveler's gang—were employed to make the change. To facilitate their work, they cut a hole about three feet square in the floor of the traveler's platform, through which they passed material and the blocks which we are about to refer to. In order to change the trucks, it was necessary to jack up the traveler. It was then blocked up with the blocks ordinarily used to take the strain off the wheels. One of these blocks fell and struck Jacobsen. (6) The repairs to the traveler made necessary by its defective construction materially increased the danger to a person in Jacobsen's situation. The platform which ordinarily afforded a protection against falling objects had a hole cut in it. This hole was nearly over where Jacobsen's body was found. Workmen using objects liable to fall were obliged to work under the traveler in a place where it was obviously difficult to take proper care of the tools, blocks, and other objects used by them. (7) Jacobsen was not warned of the changed situation above him, and it did not appear that he knew of it. No precautions whatever were taken for his safety. A screen, platform, or other intercepting structure under the place where the men were working would have prevented the accident. Such screens or platforms are sometimes used by contractors.

Upon these facts, could the jury have found the defendant guilty

of negligence? An employer is bound to use reasonable care to furnish his employés a safe place in which to work. This is a continuing duty. When changes in the servant's situation are brought about by the action of the master, the latter is bound to warn him of the new danger, and take reasonable precautions for his safety. Here the necessity for repairing the defective apparatus caused a change in Jacobsen's situation increasing his peril. The defendant, his employer, did nothing. The jury could have found that doing nothing was not doing its whole duty.

Upon these facts, did Jacobsen assume the risk? Employés assume the ordinary risks attendant upon their employment. They are bound to know the dangers incident to the work in which they are engaged. But they do not assume unusual risks of which they have no knowledge. It does not appear that Jacobsen knew that a hole had been cut in the platform above him through which objects might fall or that workmen under the platform were using these wooden blocks. The jury could well have found that he did not assume the risk because he had no knowledge of the danger.

Upon these facts, was Jacobsen guilty of contributory negligence? This is the most serious question in the case. There was a large open space in which Jacobsen could have worked in perfect safety. There was no reason, other than convenience, why he should have selected this place under the traveler. Yet that place was convenient. No particular danger was apparent. The front end of the traveler was the place from which the objects had always fallen. We cannot say as a matter of law that there was contributory negligence. The question was properly submitted to the jury.

The defendant's second claim of error is in the charge of the court. The court charged, in substance, that it was an important question in the case whether the defendant, if ordinarily prudent, should not have anticipated that the blocks used to jack up the traveler might fall in the progress of the work, and have taken some steps, by an interrupting structure or otherwise, to prevent them from falling upon persons below—whether the defendant's obligation to furnish Jacobsen a safe place in which to work was fulfilled in the absence of such precautions. The charge was correct. As we have seen, changing the trucks upon the traveler created a new condition—an increased danger. Such changed condition imposed upon the master the duty of taking additional precautions for the safety of the servant. There was some evidence that intercepting structures are used under similar conditions. The question whether the defendant fulfilled the obligation imposed upon it was a proper one for the jury, and was properly submitted to them.

The other questions noticed upon the briefs do not require separate examination. The defendant being liable at common law, it is unnecessary to consider the New York employer's liability act.

There is no error in the judgment; and it is affirmed, with costs.